UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JULIO CESAR DELGADO,

        Petitioner,

   v.

RICHARD MORGAN,

        Respondent.

No. CV-05-3029-FVS

ORDER DISMISSING REQUEST FOR HABEAS CORPUS RELIEF

**BEFORE THE COURT** is Julio Cesar Delgado's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Ct. Rec. 5). The Petitioner ("Mr. Delgado") is represented by Aaron F. Dalan. The Respondent is represented by Assistant Attorney General Alex A. Kostin.

**BACKGROUND**

Mr. Delgado is a state prisoner who was found guilty in Yakima Superior Court of one count of complicity to aggravated first-degree murder and three counts of complicity to attempted first-degree murder. On January 3, 2001, he was sentenced to life in prison without parole plus 780 months. Mr. Delgado then unsuccessfully appealed his conviction and sentence to the Washington Court of Appeals. His petition for review to the State Supreme Court was denied on September 5, 2003.

ORDER DISMISSING REQUEST FOR HABEAS CORPUS RELIEF - 1

On December 24, 2003, Mr. Delgado filed a Petition for Writ of Habeas Corpus ("First Habeas Petition") pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Washington. Magistrate Judge Imbrogno issued a Report and Recommendation ("Report") to dismiss Mr. Delgado's First Habeas Petition without prejudice based on his failure to exhaust state remedies. (Ct. Rec. 13, Ex. 10, at 4). This Report was ultimately adopted by the Court on September 16, 2004. (Ct. Rec. 13, Ex. 6, Attach. C). Mr. Delgado alleges he received a copy of the Report on September 9, 2004. (Ct. Rec 13, Ex. 10, at 4). The Report stated that his deadline to seek state collateral relief was September 24, 2004; he had consumed 271 of the 365 days he had to seek federal habeas relief; and he should be prepared to re-file his habeas petition immediately following the disposition of state collateral proceedings. (Ct. Rec. 13, Ex. 6, Attach C, at 7).

On September 27, 2004, Mr. Delgado filed a Personal Restraint Petition ("PRP") in Washington Court of Appeals, Division III. On October 13, 2004, the Court of Appeals dismissed the PRP as untimely because it was filed three days beyond the September 24, 2004, deadline. The Court of Appeals issued a Certificate of Finality dismissing the PRP on February 1, 2005. Mr. Delgado then filed a Petition for Writ of Habeas Corpus ("Second Habeas Petition") on March 14, 2005. The Respondent moves to dismiss the Second Habeas Petition on grounds it is untimely.

**RULING**

A person seeking federal habeas relief must file a petition

ORDER DISMISSING REQUEST FOR HABEAS CORPUS RELIEF - 2

within one year of the date when the period for direct review of the state court judgment expires. 28 U.S.C. § 2244(d)(1). Mr. Delgado's one-year statute of limitations ran on December 1, 2004, one year after his deadline for seeking direct review by way of certiorari to the United States Supreme Court. *See Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir. 1999)(holding that when a petitioner does not seek a writ of certiorari from the United States Supreme Court, the 2244(d)(1)(A) one-year statute of limitations runs from the deadline for seeking certiorari). Mr. Delgado concedes that his Second Habeas Petition is untimely because he did not file it until March 14, 2005.

Mr. Delgado also agrees that statutory tolling is inapplicable. 28 U.S.C. § 2244(d)(2). The statute of limitations for filing a federal habeas petition is tolled while a "properly filed" application for state collateral relief is pending. *Id.* A post-conviction petition rejected by state courts as untimely is not "properly filed." *Pace v. DiGuglielmo,* 544 U.S. 408, --, 125 S.Ct. 1807, 1810, 161 L.Ed.2d 669(2005). Therefore, the one-year statute of limitations was not tolled during state court review of Mr. Delgado's untimely PRP. Consequently, Mr. Delgado seeks to invoke the doctrine of equitable tolling for the 128-day period when state review of his PRP was pending. If the statute of limitations were equitably tolled, Mr. Delgado would have exhausted only 340 days of the 365-day period for filing his Second Habeas Petition.

A litigant seeking equitable tolling bears the burden of establishing that extraordinary circumstances, rather than a lack of diligence, precluded him from filing a timely habeas corpus petition.

ORDER DISMISSING REQUEST FOR HABEAS CORPUS RELIEF - 3

*Pace*, 544 U.S. at --, 125 S.Ct. at 1814-1815. Mr. Delgado alleges that two extraordinary circumstances beyond his control warrant equitable tolling.

First, he points to delay on behalf of Department of Corrections officials in copying and mailing his PRP. Mr. Delgado submitted the PRP to Department of Corrections officials one day before the September 24, 2004, deadline. He incorrectly believed that the mailbox rule applied, such that the PRP would be deemed filed when he handed it to the officials. *Cf. In re Carlstad,* 150 Wn.2d 583, 591, 80 P.3d 587, 590-91 (2003)(holding that the mailbox rule for *pro se* petitioners is inapplicable to the filing of a PRP). While a *pro se* petitioner may not be held to the same technical standards as litigants represented by counsel, he is expected to understand the statute of limitations applicable to his case. *Biggs v. Duncan*, 339 F.3d 1045, 1048 n.2 (9th Cir. 2003). The untimely filing of Mr. Delgado's PRP resulted from his lack of diligence in investigating the proper deadline. Based on this error, he did not allow enough time for Department of Corrections officials to mail and copy the PRP. Therefore, the Court concludes that any administrative delays at the Department of Corrections were not extraordinary circumstances.

Second, Mr. Delgado contends he detrimentally relied on Ninth Circuit case law indicating the one-year statute of limitations for filing his Second Habeas Petition was tolled during state court review of his untimely PRP. *See* 28 U.S.C. § 2244(d)(2); *Dictado v. Ducharme,* 244 F.3d 724, 728 (9th Cir. 2001), *overruled by Pace*, 544 U.S. at --, 125 S.Ct. at 1810 (holding that an untimely PRP is not "properly

ORDER DISMISSING REQUEST FOR HABEAS CORPUS RELIEF - 4

filed" for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2)). Mr. Delgado was advised by Magistrate Judge Imbrogno that if he wished to file a Second Habeas Petition, he "should be prepared to proceed immediately" upon disposition of final state proceedings. (Ct. Rec. 13, Ex. 6, Attach. C, at 7). If he intended to file his Second Habeas Petition later than Magistrate Judge Imbrogno advised, in reliance on *Dictado v. Ducharme,* Mr. Delgado should have sought clarification from the Court that this decision justified his action. By failing to make such an inquiry, Mr. Delgado relied on the subsequently overruled decision at his own risk. The Court determines that Mr. Delgado's detrimental reliance on Ninth Circuit law is not an extraordinary circumstance.

Furthermore, Mr. Delgado failed to diligently pursue his rights in filing his Second Habeas Petition. As early as October 13, 2004, when the Court of Appeals dismissed his PRP as untimely, Mr. Delgado received notice of the chance that this ruling would be affirmed by the Washington Supreme Court. In order to have diligently pursued his rights, Mr. Delgado should have begun preparing his Second Habeas Petition while state court review of his PRP was pending. By doing so, he would have been prepared to file immediately in federal court as Magistrate Judge Imbrogno recommended.

In light of the preceding considerations, the Court concludes that equitable tolling of the statute of limitations is unwarranted and Mr. Delgado's Petition for Writ of Habeas Corpus is untimely. Accordingly,

ORDER DISMISSING REQUEST FOR HABEAS CORPUS RELIEF - 5

**IT IS HEREBY ORDERED** that Mr. Delgado's Petition for Writ of Habeas Corpus (Ct. Rec. 5) is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

The District Court Executive is hereby directed to enter this order, furnish copies to counsel and the Petitioner, **ENTER JUDGMENT** and **CLOSE THE FILE.**

**DATED** this 29th day of March, 2006.

                             s/ Fred Van Sickle
                              Fred Van Sickle
                         United States District Judge

ORDER DISMISSING REQUEST FOR HABEAS CORPUS RELIEF - 6